JOHN WATSON v. THE STATE.

No. 4812.  Decided March 6, 1918.

**1.—Murder—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence in not showing why process was not issued at an earlier date, there was no error in overruling the motion.

**2.—Same—Sufficiency of the Evidence—Manslaughter.**

Where, upon trial of murder and a conviction of manslaughter, the evidence supported the conviction, although the testimony was conflicting, there was no reversible error.

**3.—Same—Special Judge—Practice in District Court.**

Where, in the absence of the regular judge, the members of the bar selected a special judge, who presided over the court during the term and tried the defendant, and it was shown in the motion for new trial that after the selection of said special judge, the regular judge became a captain in the National Guard, held, that the special judge was authorized to try defendant's case and finish the work of that particular term. Following Lowe v. State, recently decided.

Appeal from the District Court of San Augustine. Tried below before the Hon. Garland Smith, Special Judge.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wm. McDonald,* for appellant.—On question of special judge: Ehlinger v. Rankin, 29 S. W. Rep., 240; Brumby v. Boyd, 66 id., 874.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of special judge: Cox v. Oliver, 43 Texas Civ. App., 110.

On question of continuance and bills of exception: Edgar v. State, 59 Texas Crim. Rep., 252; Anderson v. State, 70 Texas Crim. Rep., 594, 157 S. W. Rep., 1197.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter and allotted five years in the penitentiary.

The indictment was returned on the 4th day of January, 1916. Appellant filed an application for a continuance when his case was called for trial on the 20th of July, 1917, alleging that process was issued on the 26th day of June, 1917. There is nothing in the record to show why process was not issued at an earlier date. The testimony of the absent witnesses was evidently known, and no excuse is given why process was not issued at an earlier date. On the question of diligence some reason should have been assigned why the process had not been so issued explaining or excusing the delay. The absent testimony was expected to show communicated threats of the deceased against appellant. We are of opinion that the diligence is not sufficient to require a reversal in view of this record.

It is contended the evidence is not sufficient to support the verdict and judgment. We are not prepared to assent to this proposition. The State's case shows sufficient evidence to justify the jury in their conclusion as well as the refusal of the court to grant a new trial. The testimony of appellant raises the question of self-defense. There was a sharp issue on this question. The jury could have believed appellant's theory and acquitted, but they solved this matter adversely, and in view of the testimony we would not be justified in setting aside the judgment for this reason.

There was a question raised with reference to the authority of the trial judge to try the case. The regular judge was not present. Upon convening the court the attorneys selected a member of the bar, Hon. Garland Smith, to preside over the court during the term, and as such special judge he tried appellant's case. In the motion for new trial it is alleged that Judge Blackshear, the regular judge, had raised a company for National Guard service, and thereby became a Federal officer as its captain. There is also a contention in the motion for new trial that Judge Blackshear ceased to be judge by virtue of his military office at the time of the trial of appellant. The facts with reference to that matter are the same in this case as in the case of Lowe v. State, this day decided in an opinion written by Judge Morrow, where the facts are set out and the matter discussed at some length. We are of opinion that the conclusion in that case was correctly reached, and the trial judge was authorized to try this case and finish the work of that particular term, although Judge Blackshear may have been sworn into service before the end of the term for which Judge Smith was elected special judge. It is not deemed necessary to go into the reasonings in this case as those have been given in the opinion by Judge Morrow in the case above mentioned.

The judgment herein will, therefore, be affirmed.

*Affirmed.*